IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| HOWARD LEE BARNES, § | |
| a.k.a. Professor Ali-Hamza § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | 2:06-CV-0072 |
| § | |
| NATHANIEL QUARTERMAN, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent.[1] § | |

**REPORT AND RECOMMENDATION
TO DENY PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is a Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner HOWARD LEE BARNES a.k.a. Professor Ali-Hamza. By his habeas application, petitioner challenges a January 30, 2006 prison disciplinary proceeding wherein petitioner was found guilty of the disciplinary offense of threatening to inflict harm on an officer, a Level 1, Code 4.0 offense. Petitioner was punished with the forfeiture of 65 days previously accrued good time credits.[2]

Following the finding of guilty in the disciplinary proceeding, petitioner filed a Step 1

---

[1] The previous named respondent was Douglas Dretke who was succeeded by Nathaniel Quarterman on June 1, 2006 as Director of the Texas Department of Criminal Justice, Institutional Division. Under Rule 25(d)(1) of the Federal Rules of Civil Procedure, Quarterman is automatically substituted as a party.

[2] Other punishment with which petitioner was assessed constituted changes in the conditions of petitioner's confinement and does not implicate the Due Process Clause of the United States Constitution. *See Sandin v. Conner*, 515 U.S. 472, 478, 115 S.Ct. 2293, 2297 (1995); *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997).

grievance which was denied on February 22, 2006. Petitioner then filed a Step 2 grievance which was denied on March 7, 2006. For the reasons hereinafter set forth, it is the opinion of the undersigned United States Magistrate Judge that petitioner's petition for a writ of habeas corpus should be DENIED.

I.
STATE COURT CONVICTIONS

Respondent Dretke has lawful and valid custody of petitioner pursuant to a judgment and sentence out of Jefferson County, Texas where petitioner was convicted of the offense of burglary of a vehicle and sentenced to twenty (20) years imprisonment in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID).

Further elaboration of the specifics of petitioner's state court convictions and any post-conviction proceedings are unnecessary because, in this habeas petition, petitioner challenges only the result of the disciplinary proceeding.

II.
PETITIONER'S ALLEGATIONS

Petitioner appears to contend his federal constitutional rights were violated with regard to the disciplinary proceeding in Case No. 20060139775 in the following respects:

1. Petitioner's mandatory supervision release date has been set back as a result of the punishment imposed;

2. He was denied effective assistance of counsel substitute because counsel substitute failed to interview witnesses present at the time the incident occurred;

3. Petitioner's "short way" release date has caught up with his "long way" discharge date due to the punishment imposed;

4. The application of the Mandatory Victims Restitution Act is precluded by the ex post facto clause of the United States Constitution;

5. The ex post facto provisions of the state and federal constitutions were violated by the retroactive application of an amendment to the Prison Management Act;

6. Due to the 65 days of forfeited good time, petitioner will have to remain incarcerated for a longer period before he is released to mandatory supervision;

7. The punishment imposed is now more severe than originally imposed on his underlying conviction which constitutes a retroactive application of the sentencing guidelines in violation of the ex post facto clause;

8. The statutory change in punishment inflicts a greater punishment than the 1/4 law eligibility parole date;

9. The statute increases a longer period of incarceration from the 1/4 law eligibility date under mandatory supervision;

10. The evidence was insufficient to support a finding of guilt; and

11. Petitioner is not guilty of the offense due to his insanity and the disciplinary hearing did not meet the requirement of minimal due process under *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000).[3]

III.
EXHAUSTION OF STATE COURT REMEDIES

Petitioner filed his federal application after the April 24, 1996, effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Consequently, no relief may be granted to petitioner unless he has exhausted the remedies available in the courts of the State, or an exception to exhaustion exists. 28 U.S.C. § 2254 also provides that an application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State. This AEDPA deference scheme also applies to a

---

[3]The Court has attempted to set forth all of petitioner's claims utilizing petitioner's language although the claims are not entirely clear as stated. The majority of petitioner's claims, the Court notes, are unexhausted.

habeas challenge to the determination resulting from a prison disciplinary procedure for which appeal is available through the grievance process. *Baxter v. Estelle*, 614 F.2d 1030 1031-32 (5th Cir. 1980). Such an appeal through the grievance process has been construed to constitute "the right under the law of the State to raise, by [an] available procedure, the question presented." 28 U.S.C. § 2254(c). *Lerma v. Estelle*, 585 F.2d 1297, 1299 (5th Cir. 1978).[4]

As stated previously, petitioner filed a Step 1 grievance. Therein he raised only one (1) issue, that the disciplinary charge should not have been written by Sergeant Lewis, the charging officer, *i.e.* that it was false. Petitioner stated he was playing around with Lieutenant Sutton and Sergeant Lewis knew this. Petitioner thereafter filed a Step 2 grievance in which he complained Lieutenant Sutton, who was present at the incident, lied about it. Construing the claims in petitioner's grievances liberally, it appears to the Court that petitioner's claims, except for his claim of insufficiency of the evidence, derived from the grievance claims of false reports, were never exhausted and that he is now procedurally barred, by TDCJ time limits, from presenting his claims to state authorities by way of a grievance appeal of his disciplinary case. For this reason, petitioner's claims, except as to the sufficiency of the evidence, should be dismissed for failure to exhaust.

## IV.
## MERITS

In order to prevail, petitioner must show his due process rights were violated during the disciplinary process. The United States Supreme Court has set out the due process to which a

---

[4] At the present time, the petitioner is not required to present habeas claims challenging prison disciplinary cases to the Texas Court of Criminal Appeals because that court has stated it will not entertain challenges to prison disciplinary proceedings or the denial of good conduct time credit under the Prison Management Act. *Ex parte Palomo,* 759 S.W.2d 671 (Tex. Crim. App. 1988).

prisoner is entitled during a disciplinary proceeding. In *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), the Court held that while disciplinary proceedings are not part of the criminal prosecution process and, therefore, the full panoply of rights does not apply, there are certain minimal due process provisions required to be satisfied. Those are: (1) advance written notice of the charges; (2) an opportunity to call witnesses and/or present documentary evidence when such presentation is not unduly hazardous to institutional safety or correctional goals; and (3) a written statement by the fact finder of the evidence relied upon and the reasons for the disciplinary action.

It is the law of the Fifth Circuit that the findings of the prison disciplinary hearing shall not be disturbed unless they are arbitrary and capricious. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995). Further, the federal courts do not review the sufficiency of the evidence since a finding of guilt requires only the support of some facts, or any evidence at all. *Gibbs v. King*, 779 F.2d 1040, 1044 (5th Cir. 1986).

Petitioner complains the evidence was insufficient to find him guilty of the offense charged. More specifically, it appears petitioner complains the evidence was insufficient because he is innocent of the charge, he should not have been charged with a disciplinary violation, and the officer lied. This is a liberal interpretation of petitioner's claims giving petitioner the benefit of the doubt and assumes *arguendo* he exhausted this claim.

Federal courts do not review the sufficiency of the evidence since a finding of guilt requires only the support of <u>some</u> facts, or any evidence at all. *Gibbs v. King*, 779 F.2d 1040, 1044 (5th Cir. 1986). Consequently, in order to prevail in a challenge to a disciplinary proceeding by way of federal habeas corpus, a petitioner must establish that there was <u>no</u> evidence to support

the disciplinary adjudication. In the Disciplinary Report and Hearing Record provided by petitioner, the hearing officer noted he relied upon the officer report I-210 as well as testimony from the officer that petitioner threatened an officer. Therefore, petitioner cannot meet his burden as there clearly was <u>some</u> evidence to support the finding of guilt. Petitioner's statement that he is innocent and that the officer lied are merely conclusory statements without any basis. The evidence relied upon by the hearing officer constitutes "some evidence" sufficient to support the disciplinary conviction. Petitioner has not shown how his rights were violated in this instance and his claim should be denied.

## V.
## RECOMMENDATION

Based upon the foregoing, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner HOWARD LEE BARNES a.k.a. Professor Ali-Hamza is without merit and should be, in all things, DENIED.

## VI.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this ___20th___ day of September 2006.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation.  In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation.  Service is complete upon mailing, Fed. R. Civ. P. 5(b), <u>and</u> the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e).  Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed**.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).